IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REGGIE D. COPELAND, | : |
| Plaintiff | : |
| VS. | : NO. 5:11-CV-111 (CAR) |
| Warden ROBERT TOOLE, *et al.*, | : |
| Defendants | : **ORDER** |

Plaintiff **REGGIE D. COPELAND**, an inmate at Wilcox State Prison in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be

viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff complains that Defendant District Attorney Patrick Head and Assistant District Attorney Cathy Cozzo filed an accusation against him for various criminal offenses. Plaintiff states that an earlier indictment alleging some of these offenses had been nolle prossed. Plaintiff also alleges that Ms. Cozzo added a new charge for which Plaintiff had not been previously arrested. Plaintiff states that on September 15, 2004 he went to trial in the Cobb County Superior Court, was convicted of possession, and sentenced to 30 years, with 20 to serve as a recidivist. Plaintiff alleges that he appealed the case and his conviction and sentence were affirmed on direct appeal; a subsequent state habeas corpus petition was denied; and a motion to vacate the judgment was

denied.

Plaintiff complains that the "accusation in support of bringing charges against [him] . . . was void," which "left the trial court without jurisdiction to try Plaintiff." Plaintiff alleges that Defendants violated his due process rights when they used a void accusation.

Plaintiff alleges that Commissioner Brian Owens and Warden Robert Toole are "privy to the illegal restraining order that is being used to deny the Plaintiff his liberty as an innocent party."

Plaintiff requests "that the Court issue a preliminary and permanent injunction against the State of Georgia from continuing to restrain the Plaintiff ." In order to obtain release from prison, Plaintiff will need to file a habeas corpus action (28 U.S.C. § 2254) in the appropriate court. Plaintiff states that he was convicted and sentenced in Cobb County, Georgia. Cobb County is in the Northern District of Georgia. Therefore, Plaintiff should file any federal habeas corpus in the United States District Court for the Northern District of Georgia.

To the extent that Plaintiff seeks monetary damages, his action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

In other words, a prisoner cannot bring a § 1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated. Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature. *Id.* at 2372.

In the case at bar, Plaintiff's allegations regarding the void accusation and lack of

jurisdiction, if proven, may invalidate his conviction and sentence. Because Plaintiff has not demonstrated that his conviction has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars all of Plaintiff's claims that would necessarily call into question this conviction. Plaintiff must return to the appropriate court and attempt to invalidate his conviction or sentence. If Plaintiff should succeed, he may then institute an action for damages under § 1983 in federal court.[1]

For these reasons, Plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL, JUDGE
> UNITED STATES DISTRICT COURT

lnb

---

[1]The Court also notes that District Attorney Head and Assistant District Attorney Cozzo have absolute immunity from suit under 42 U.S.C. § 1983 when acting within their jurisdictional scope. ***Imbler v. Pachtman***, 424 U.S. 409 (1975). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." *Id*. at 431.